***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Kim L. Cramer, the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Kim L. Cramer.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties through the Pre-trial Agreement as:
 STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. This case was the subject of a prior Opinion and Award of the Full Commission written by Commissioner Dianne C. Sellers and filed on June 22, 1998, as well as Orders filed May 14, 1999, and August 4, 1999.
3. The two issues before the Deputy Commissioner were:
 (1) Whether plaintiff's ongoing psychological and psychiatric medical treatment is causally related to his compensable injury by accident, such that defendants should be responsible for payment for these services.
 (2) Whether plaintiff is permanently and totally disabled or whether continued vocational rehabilitation would be non-productive and contra-indicated.
 ***********
Based upon the competent evidence of record and the reasonable inferences therefrom, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. Plaintiff was 49 years old on the date of the hearing before the Deputy Commissioner. He was born August 21, 1950. He graduated from high school in 1969 and has no other formal education.
2. Plaintiff worked for defendant operating a mass-mailing machine. On February 8, 1995, he injured his back while stacking boxes. That claim was the subject of a prior Opinion and Award of the Commission. Plaintiff's claim was determined to be compensable.
3. Plaintiff has continued to receive temporary total disability benefits since the date of his accident of February 8, 1995. He has remained under the care of Dr. Scott James, an orthopaedic surgeon and Dr. Tracy Timony, his primary care physician. Plaintiff continues to take prescribed anti-inflammatories and non-narcotic pain medications for his chronic low back condition.
4. Subsequent to his back injury, it was determined that plaintiff suffers from severe coronary artery disease. In May 1998, due to three blocked blood vessels, plaintiff underwent bypass grafting. Two of the three grafts failed and plaintiff underwent subsequent angioplasty and stinting procedures.
5. Cardiologist Dr. Thomas Johnson manages plaintiff's cardiac care. As Dr. Johnson has testified, plaintiff's heart condition is a fairly serious problem, which significantly impacts plaintiff's physical activity. Plaintiff cannot engage in any strenuous physical activity and Dr. Johnson is of the opinion that plaintiff's heart condition, in combination with his limitations due to his back injury, limits him to such an extent that he is totally disabled.
6. Dr. Scott James diagnosed, and the Full Commission finds as fact, that plaintiff suffers from degenerative arthritis and chronic right sacroilitis, conditions which were aggravated by his work-related acute lumbar strain. As demonstrated by the most recent functional capacity evaluation on January 27, 1999, plaintiff has significant limitations on what he is capable of doing. The maximum weight he can lift is 35 pounds, and he can only lift this occasionally. Following a motor vehicle accident on December 10, 1998, plaintiff cannot do overhead lifting. He cannot sit or stand for any prolonged period of time. His physical restrictions due to his back condition alone are so significant that it would be difficult to find any work he could perform consistently.
7. Dr. Tracy Timony, plaintiff's primary care physician is of the opinion, and the Full Commission finds as fact, that plaintiff is totally and permanently disabled due to his overall physical condition, as well as depression. In her opinion, it would be counter-productive to try to put plaintiff through a vocational job placement program. It would be virtually impossible to find plaintiff suitable work and the vocational process would be detrimental to plaintiff.
8. Plaintiff is also under the care of Dr. Bryan Harrelson, a board-certified psychiatrist. Dr. Harrelson first saw plaintiff on March 12, 1997, when plaintiff showed depressive symptoms, which plaintiff related to his prior work injury to his back. Dr. Harrelson diagnosed, and the Full Commission finds as fact, plaintiff with major depressive episode, precipitated by the work-related injury to plaintiff's back and the resulting chronic back pain and his inability to work.
9. Dr. Harrelson is of the opinion, and the Full Commission finds as fact, that plaintiff is totally disabled, due, in part, to his depression. He continues to treat plaintiff and monitor his medications and also referred him to Julius Meyer, a licensed counselor for additional counseling.
10. Julius Meyer has worked closely with plaintiff. Meyer believes a vocational rehabilitation or placement program would be detrimental to plaintiff since plaintiff would not be able to fully participate. Meyer agrees with Dr. Harrelson that plaintiff's depression is causally related to his compensable back problems.
11. As all the treating physicians have testified, plaintiff has significant restrictions due to both his back problems and his cardiac condition. He is not capable of any prolonged sitting or standing or sustained physical movement at would be compatible with participation in anything other than totally sedentary work. Even then, his ability to sit or stand restricts him. Plaintiff is also restricted due to his depression and the medications he takes to manage it. He is not a candidate for vocational rehabilitation or placement. Plaintiff is not able to earn wages at this time and will never be able to earn wages in any gainful employment.
12. The greater weight of the evidence establishes that plaintiff's work-related back injury and subsequent chronic back pain was a significant precipitating factor in the development of his depression. Plaintiff will need ongoing medical care for management of his back pain and his depression.
13. Based on the overwhelming evidence in favor of plaintiff, defendants' pursuit of an appeal in this case was unreasonable and plaintiff's attorney is entitled to a reasonable fee to be paid by defendants.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff's compensable injury by accident was a significant contributing factor to the development of his depression. Therefore, defendants are responsible for payment for reasonably necessary medical treatment of his depression. N.C. Gen. Stat. §§ 97-2(19), 97-25.
2. Plaintiff continues to suffer from chronic back pain related to his compensable injury by accident. Therefore, defendants are responsible for payment for reasonably necessary medical treatment of his back pain. N.C. Gen. Stat. §§ 97-2(19),97-25.
3. Considering his physical health and depression, plaintiff is not a candidate for vocational rehabilitation or placement, which would not be successful either to effect a cure, give relief, or lessen any period of disability. N.C. Gen. Stat. § 97-25.
4. The chronic back pain and physical limitations, as well as the depression caused by plaintiff's injury by accident are significant limiting factors to plaintiff's employability. Due to these factors, as well as his cardiac condition, plaintiff is incapable of ever returning to gainful employment and is totally and permanently disabled. N.C. Gen. Stat. § 97-29.
5. Defendants' appeal was based on unfounded, stubborn litigiousness and plaintiff's counsel is entitled to have defendants pay attorney fees. N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay all medical expenses incurred or to be incurred by plaintiff for reasonably necessary treatment for his back condition and his depression resulting from his injury by accident.
2. Defendants shall continue to pay plaintiff ongoing benefits at the rate of $199.01 per week, his compensation rate as established under the prior Opinion and Award of the Full Commission, as total and permanent disability compensation for the remainder of his life.
3. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff is approved for plaintiff's counsel. Defendants shall pay directly to plaintiff's attorney every fourth check due plaintiff.
4. Defendants shall pay pursuant to N.C. Gen. Stat. § 97-88.1 $5,000.00 to plaintiff's attorney for research, preparation, and appearance in this appeal.
This 7th day of December 2001.
 S/_____________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_____________________________ CHRISTOPHER SCOTT COMMISSIONER